**The STATE of Tennessee in its own behalf & for the Use & Benefit of the Metropolitan Government of Nashville & Davidson County, Plaintiff–Appellee,**

v.

**DELINQUENT TAXPAYERS as Shown on the 1980 Real Property Tax Records of the Metropolitan Government of Nashville & Davidson County, Defendants–Appellants.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 3, 1989.

Permission to Appeal Denied by
Supreme Court Feb. 26, 1990.

James L. Charles, Deputy Director of Law, Kathryn F. Calhoon, Metropolitan Atty., Dept. of Law of the Metropolitan Government of Nashville and Davidson County, Nashville, for plaintiff-appellee.

Russell B. Ennis, Nashville, for defendants-appellants.

## OPINION

CANTRELL, Judge.

This is an appeal from a judgment of the Chancery Court of Davidson County denying relief under Rule 60.02 of the Tennes-see Rules of Civil Procedure from a judgment in an action to collect property taxes. The appellants allege that the judgment is void because the lower court did not have jurisdiction over the subject matter of the controversy or the tax assessment itself was void.

In 1982, the Metropolitan Government of Nashville and Davidson County filed an action to collect unpaid property taxes on various parcels of property located within the county. For some reason, not apparent in the record, the defendants-appellants were not served with process until September 23, 1986. After being served, however, they did not respond to the action and a default judgment was entered by the court on November 6, 1986. The judgment included an order that the property subject to back taxes be sold if the taxes, interest, and penalties were not paid within thirty days. The appellants notified their mortgage holder, Metropolitan Federal Savings and Loan Association, which paid the full amount under protest in February of 1987.

On October 16, 1987, the appellants filed a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure for relief from the default judgment. The motion alleged that the delinquent taxes resulted from a reassessment of their property in 1981 for the years 1977, 1978, 1979, and 1980; that the reassessment was illegal and void because the taxing authority did not comply with the procedures set out in Tenn.Code Ann. § 67-1-1005 (1983) for the reassessment of property; that the reassessment covered four years prior to 1982 in violation of the statutes; and that the action to collect the taxes was barred by the statute of limitations.

From our examination of the record, we gather that prior to 1976 the appellants owned a vacant tract of land in Davidson County. In 1976, they built a house on the land and mortgaged it to Security Federal Savings and Loan Association. For some reason, the taxing authority did not pick up the improvements on the property and continued to tax it as vacant land. The appellants, through their mortgagee, paid the taxes as assessed each year. In 1980 or

1981, the government discovered the error and notified the appellants that they owed additional taxes for the years 1977, 1978, 1979, and 1980. When the appellants did not pay the additional taxes, the government filed the action which resulted in the default judgment.

■ The appellants allege that the relief from the judgment is proper because the judgment is void. *See* Rule 60.02(3), Tenn. R.Civ.P. They argue that since the taxing authority did not go through the procedure set out in Tenn.Code Ann. § 67–1–1005 for reassessing their property, the chancery court did not have the power to collect the taxes in the action brought for that purpose.

■ We fail to follow the appellants' argument. The chancery court clearly has jurisdiction over actions to collect back taxes. Tenn.Code Ann. § 67–5–2405(a)(1983). "Judgments rendered by courts of competent jurisdiction are not as a general rule subject to collateral attack on grounds pertaining to the original cause of action." 46 Am.Jur.2d Judgments § 654 (1969). That the assessment which resulted in the taxes for which suit was brought may have been illegal or made on an improper procedure does not rob the court of its jurisdiction. If that were so, no back tax judgment would ever be safe from a collateral attack. Thus, we conclude that the judgment in the original action to collect the tax was not void.

■ In respect to the contention that the reassessment itself was void, the general law covering the assessment of property for tax purposes provides that the validity of any assessment shall not be affected by any irregularity or omission unless the defect results in a denial of minimum constitutional guarantees. Tenn.Code Ann. § 67–5–509(b)(1983). Where the appellants got notice of the reassessment of their property in 1980 or 1981 and were served with process in 1986, they had two chances to protest and challenge the reassessment. They chose not to do so. We think that the notice and opportunity to be heard complied with the due process requirements of the state and federal constitutions. *See*

*Crown Enterprises, Inc. v. State Board of Equalization*, 543 S.W.2d 583 (Tenn.1976).

We see no other ground for relief under Rule 60.02. The other flaws in the procedure or the defenses to the tax liability should have been raised in the action to collect the taxes. No excusable reason for failing to do so has been cited by the appellants. Therefore, the judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further necessary proceedings. Tax the costs on appeal to the appellants.

TODD, P.J., and KOCH, J., concur.